FILED
2014 May-23  PM 12:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit A

James A. Yocum, Jr.
3417 Danner Circle
Birmingham, AL 35243
Phone 205-790-5250

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 1 8 2014

ANNE-MARIE ADAMS
CLERK
```

# IN THE CIRCUIT COURT OF

# JEFFERSON COUNTY, ALABAMA

CV201450267

James A. Yocum, Jr.

     Plaintiff,

 -v-

NATIONSTAR MORTGAGE, LLC;

JOHN DOES #1-10,

     Defendants.

) CIVIL ACTION NO. _____
)   [ OVER $50,000 ]
)
)   **VERIFIED COMPLAINT**
)
) **Quiet Title (Ala. Code § 6-6-560 et seq.),**
) **RESPA (12 U.S.C. § 2605 et seq.),**
) **TILA (15 U.S.C. § 1601 et seq.),**
) **FDCPA (15 U.S.C. § 1692-1692o),**
) **Declaratory and Injunctive Relief**
)   **related to Possession and Title**
)
)   **[ Injunctive Relief Requested ]**

Plaintiff James A. Yocum, Jr. alleges as follows:

**Parties**

1.   Plaintiff is a citizen of Alabama.

2.   Defendant NATIONSTAR MORTGAGE LLC ("Defendant," "Nationstar,"

"Defendant Nationstar") is a Delaware corporation with offices in Dallas, and its Agent for Service

COMPLAINT

1

of Process is CSC LAWYERS INCORPORATING SRV INC, address 150 S PERRY ST,

MONTGOMERY, AL 36104.

3.          The value in controversy exceeds $75,000.

4.          (*) Plaintiff and Defendant have no legal relationship: Defendant is not, and has

never been, a mortgagee, beneficiary or assignee of any mortgage or deed of trust encumbering

Plaintiff's property, nor agent of any such mortgagee, beneficiary or assignee.

### Factual Allegations

5.          In this Complaint, allegations marked (*) are made upon information and belief,

and are likely to have evidentiary support after a reasonable opportunity for further investigation or

discovery. All other allegations are made of personal knowledge.

6.          All the following allegations are intended to be "without limitation" and will be

supplemented by other facts to be found in discovery.

## THE PROPERTY

7.          At all relevant times Plaintiff was and is the owner of the property at **3417 Danner

Circle, Birmingham, AL 35243** (hereafter "the Property"), legally described as:

> **Lot 5, according to the Survey of Oxford Highlands, as recorded in Map Book
> 156, Page 65, in the Probate Office of Jefferson County, Alabama**
>
> **Subject to current taxes, easements and restrictions of record.**

8.          The Property is located in the 10th judicial district of Alabama.

9.          Plaintiff is, and has been, in continuous possession of the Property.

10.          Plaintiff did not make a forcible entry into the Property.

11.          Plaintiff is not unlawfully holding the possession of the Property by force.

COMPLAINT

2

12.       Plaintiff does not have a landlord-tenant relationship with Defendant nor with any

person.

13.       Plaintiff has never sold the Property.

14.       Plaintiff has never intended to irrevocably grant or convey the Property to any

party.

15.       Plaintiff has signed no contract with Defendant Nationstar.

16.       Plaintiff has not entered into any contract with Defendant Nationstar.

17.       (*) Plaintiff has not entered into any contract with any principal of Defendant

Nationstar.

## THE DEED TO PLAINTIFF

18.       On April 4, 1996, a STATUTORY WARRANTY DEED was recorded in Jefferson

County, Alabama as 200013/4384 signed by Patricia Morris Yocum, granting the Property to

Plaintiff James A. Yocum Jr.

## THE RUTLEDGE NOTICE OF ACCELERATION

19.       On or about September 19, 2013, attorney Ginny Rutledge, claiming to represent

Nationstar, mailed to Plaintiff a letter titled "NOTICE OF ACCELERATION OF PROMISSORY

NOTE AND MORTGAGE" which stated:

> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for
> the above referenced loan dated the 1st day of July, 2005, are in default. By virtue of
> default in the terms of said Note and Mortgage, Nationstar Mortgage, LLC, hereby
> accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's
> fees, accrued interest, and other lawful charges. The amount due and payable as of the date
> of this letter is $441,025.44. ... This communication is an attempt to collect a debt and any
> information obtained will be used for that purpose.

COMPLAINT

3

20.         By mailing that letter through its agent, Nationstar made a claim upon Plaintiff's

property and clouded the title.

21.         (*) In the alternative and without waiving the foregoing, Ginny Rutledge did not

represent Nationstar.

### THE SAAG NOTICE OF ACCELERATION

22.         On or about March 24, 2014, attorney Andy Saag, claiming to represent Nationstar,

mailed to Plaintiff a letter titled "NOTICE OF ACCELERATION OF PROMISSORY NOTE

AND MORTGAGE" which stated:

> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for
> the above referenced loan [Loan No. 0600724900] dated the 1st day of July, 2005, are in
> default. By virtue of default in the terms of said Note and Mortgage, Nationstar Mortgage,
> LLC, hereby accelerates to maturity the entire remaining unpaid balance of the debt,
> including attorney's fees, accrued interest, and other lawful charges. The amount due and
> payable as of the date of this letter is $454,696.67. ... We are at this time commencing
> foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure
> notice. Please note that the foreclosure sale is scheduled for April 28, 2014. ...

23.         By mailing that letter through its agent, Nationstar made a claim upon Plaintiff's

property and clouded the title.

24.         (*) In the alternative and without waiving the foregoing, Andy Saag did not

represent Nationstar.

### THE MORTGAGE FORECLOSURE SALE LETTER

25.         Attorney Andy Saag, claiming to represent Nationstar, mailed to Plaintiff a letter

titled "MORTGAGE FORECLOSURE SALE" which stated:

> Default having been made in the payment of the indebtedness secured by that certain
> mortgage executed by James A. Yocum, Jr. ... the undersigned Nationstar Mortgage, LLC,
> as Mortgagee/Transferee, under and by virtue of the power of sale contained in said
> mortgage, will sell at public outcry to the highest bidder for cash, in front of the main

4

COMPLAINT

entrance of the Courthouse at Birmingham, Jefferson County, Alabama, on April 28, 2014, during the legal hours of sale, all of its right, title, and interest in and to [the Property.]

26.        Nationstar Mortgage, LLC is not the owner or holder of any mortgage encumbering Plaintiff's property.

27.        Nationstar Mortgage, LLC is not the agent of the owner or holder of any mortgage encumbering Plaintiff's property.

28.        (*) In the alternative and without waiving the foregoing, Andy Saag did not represent Nationstar.

### First Cause of Action – Quiet Title (Ala. Code § 6-6-560 et seq.)

For his first claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

29.        Alabama Code - Section 6-6-561 states:

A complaint under this division must be brought against the land or the interest therein sought to be established. It must describe said land or the interest therein sought to be established, with certainty, and state specifically what claim, title, or interest in, or to, said lands the plaintiff claims to have and from whom and how such interest or title so claimed in, or to, said lands was obtained. It shall also make party or parties defendant to said complaint all persons against whom the plaintiff claims title to said lands, or the interest therein sought to be established, and if the names of such persons cannot be ascertained by the plaintiff with certainty, they may be designated and joined as unknown parties. Such complaint shall also make party or parties defendant thereto all persons who are known to the plaintiff to have had possession of said lands, or any part thereof, within 10 years next preceding the filing of the complaint, or who are known to the plaintiff to claim said lands, any part thereof or any interest therein, whether such interest be present, future, contingent, reversionary, or otherwise. Such complaint shall also make party or parties defendant thereto all persons who have at any time within 10 years next preceding the filing of the complaint assessed or paid any taxes upon said lands or any interest therein; provided, however, that those parties appearing in the chain of title who have voluntarily conveyed their interest or interests in said lands to the plaintiff or to those through whom the plaintiff derives title need not be made parties to said complaint. The ages and addresses of all defendants to the complaint shall be stated in the complaint, if known, and if any are known or suspected to be of unsound mind, this fact shall also be alleged. Should any of the persons mentioned in this section, at the time of the filing of the complaint, be deceased

COMPLAINT                                                                                           5

and such fact be known to the plaintiff, his heirs or devisees shall be made parties in his stead. Should the plaintiff, after exercising reasonable diligence, be unable to locate the whereabouts and to ascertain with certainty whether any such defendant is alive at the time of the filing of the complaint, the facts showing just what diligence the plaintiff has exercised must be specifically alleged in the complaint and such defendant may then be made a party in his name followed by the words: "— and his heirs or devisees, if deceased," and a valid judgment may be entered against such defendant, binding on both him and his heirs or devisees, regardless of whether it be later shown that such defendant was or was not living at the time of the filing of the complaint.

30.        Plaintiff has not had adequate time to exercise reasonable diligence to identify all persons mentioned in Alabama Code - Section 6-6-561 who "shall" be named as defendants. Therefore, Plaintiff intends to amend this Complaint after the opportunity to exercise reasonable diligence.

31.        Defendant and JOHN DOES #1-10 are persons against whom the plaintiff claims title to said lands, or the interest therein sought to be established; or have had possession of said lands, or any part thereof, within 10 years next preceding the filing of the complaint, or who claim said lands, any part thereof or any interest therein; or are persons who have at any time within 10 years next preceding the filing of the complaint assessed or paid any taxes upon said lands or any interest therein.

32.        The two Acceleration Letters cloud Plaintiff's title.

33.        Defendant does not own nor hold any promissory note encumbering Plaintiff's property.

34.        (*) Defendant is not the agent of any person who owns or holds any promissory note encumbering Plaintiff's property.

35.        Defendant has no valid claim on Plaintiff's property.

36.        As a result of Defendant's actions, Plaintiff has suffered damages to his clear title.

6

COMPLAINT

37.        Plaintiff requests a quieting of title in Plaintiff's name.

### Second Cause of Action – RESPA (12 U.S.C. § 2605 et seq.)

For his second claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

38.        In October 2013, Plaintiff mailed a QUALIFIED WRITTEN REQUEST ("QWR") to Nationstar Mortgage, by Registered Mail # 780368113.

39.        That QWR includes the name and account of the borrower and requests information and states reasons for the borrower's belief that the account is in error, thus it satisfies the definition of a "qualified written request" in 12 U.S.C. § 2605(e)(1)(B).

40.        Defendant failed to respond adequately, in violation of Section 6 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2605).

41.        As a result of Defendant's actions, Plaintiff has suffered damages.

### Third Cause of Action – TILA (15 U.S.C. § 1601 et seq.)

For his third claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

42.        The QWR Letter requested the name, address and telephone number of the current owner of any mortgage note encumbering the Property, pursuant to Section 1641(1)(2) of the Truth In Lending Act ["TILA"].

43.        Defendant failed to inform Plaintiff of the name, address and telephone number of the current owner of any mortgage note encumbering the Property.

44.        As a result of Defendant's actions, Plaintiff has suffered damages.

45.        (*) In the alternative and without waiving the foregoing, there is no mortgage note encumbering the Property.

7

COMPLAINT

## Fourth Cause of Action – FDCPA (15 U.S.C. § 1692-1692o)

For his third claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

46.      Defendant is not a "mortgage company."

47.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

48.      The debt alleged by Defendant is a "debt" as defined 15 U.S.C. 1692a (5).

49.      Plaintiff timely disputed all notices and claims of debt and demanded verification and validation.

50.      On October 19, 2013, Plaintiff mailed a FDCPA query letter to Sirote & Permutt, PC by Registered Mail # 780 368 161.

51.      That letter disputed "part, or all, of the alleged debt" and demanded validation and verification.

52.      Defendant violated 15 U.S.C. § 1692g (b) by failing to obtain verification and validation of the alleged debt and mail copies thereof to the Plaintiff after it was timely disputed and demanded that verification and validation be sent to him.

53.      Defendant further violated 15 U.S.C. § 1692g(b) by continuing to proceed with debt collection activities without providing the required verification and validation.

54.      As a result of Defendant's actions, Plaintiff has suffered damages.

### Fifth Cause of Action – Declaratory Relief related to Possession

For his fourth claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

55.      Plaintiff was and is the owner of the Property.

COMPLAINT

8

56.     Plaintiff is, and has been, in continuous possession of the Property.

57.     The Property is located in a judicial district of Alabama.

58.     Plaintiff did not make a forcible entry into the Property.

59.     Plaintiff is not unlawfully holding the possession of the Property by force.

60.     Plaintiff does not have a landlord-tenant relationship with any Defendant.

61.     Plaintiff has never sold the Property.

62.     Plaintiff has never intended to irrevocably grant or convey the Property to any

party.

63.     Plaintiff has signed no contract with Defendant Nationstar.

64.     Defendant claims the right to interfere with Plaintiff's ownership and possession.

65.     As a result of Defendant's actions, Plaintiff has suffered and will inevitably suffer

damages.

66.     Plaintiff requests a declaration that Plaintiff has the right to undisturbed possession.

### Prayer for Relief:

67.     Plaintiff prays this honorable Court take jurisdiction of this case.

68.     Plaintiff prays for Decrees and Judgments as follows:

69.     Enjoin, immediately, all Defendants, during the pendency of this action, and

permanently thereafter, from recording any deeds or mortgages regarding the Property;  from

selling, assigning or transferring mortgages, trust deeds or obligations relating to the Property;

from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings

against the Property;  from instituting, prosecuting, or maintaining eviction proceedings against

COMPLAINT

9

Plaintiff; or from otherwise taking any steps to deprive Plaintiff of ownership and/or enjoyment of the Property.

70.          On Plaintiff's First Claim (Quiet Title): quieting of title in Plaintiff's name;

71.          On Plaintiff's Fifth Claim (Declaratory Judgment): Declaratory judgment that Defendants have no valid security interest in Plaintiff's property, and a declaration that Plaintiff has the right to possession of the Property;

72.          On Plaintiff's other claims: damages in a minimum amount of $75,001 to be determined at trial;

73.          Such other relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  See 28 U.S.C. 1746.

Executed by: _____          DATED: April _____18_____, 2014
                     James A. Yocum, Jr., Plaintiff
                     3417 Danner Circle
                     Birmingham, AL 35243
                     Phone 205-790-5250

COMPLAINT                                                                    10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit B

| State of Alabama Unified Judicial System | **SUMMONS -CIVIL-** | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | CV201400267 |

IN THE _____CIRCUIT_____ **COURT OF** _____JEFFERSON_____ **COUNTY**

**Plaintiff** _____James A. Yocum, Jr._____ **v. Defendant** _____Nationstar Mortgage, LLC_____

**NOTICE TO** ___Nationstar Mortgage, LLC c/o CSC LAWYERS INCORPORATING SRV INC___
___150 S PERRY ST, MONTGOMERY, AL 36104___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____James A. Yocum, Jr._____ WHOSE ADDRESS IS _____.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
APR 18 2014
ANNE-MARIE ADAMS
CLERK
Anne-Marie Adams

Date ___APR 18 2014___

Clerk/Register                              By: _K.H._

☒ Certified Mail is hereby requested.

Plaintiff's/Attorney's Signature

**RETURN ON SERVICE:** ___7014 0510 0002 3978 3310___

☐ Return receipt of certified mail received in this office on _____.
(Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
(Date)

_____
Date

_____
Type of Process Server

_____
Server's Signature

_____
Address of Server

_____
Phone Number of Server

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit C



**CORPORATION SERVICE COMPANY**®

**null / ALL**
**Transmittal Number: 12458729**
**Date Processed: 04/25/2014**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Barbara Ruyle<br>Nationstar Mortgage LLC<br>350 Highland Drive<br>Lewisville, TX 75067 |

| | |
|---|---|
| **Entity:** | Nationstar Mortgage LLC<br>Entity ID Number  2050233 |
| **Entity Served:** | Nationstar Mortgage LLC |
| **Title of Action:** | James A. Yocum, Jr. vs. Nationstar Mortgage, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | Jefferson County Circuit Court, Alabama |
| **Case/Reference No:** | CV201400287 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 04/25/2014 |
| **Answer or Appearance Due:** | 04/28/2014 |
| **Originally Served On:** | CSC |
| **How Served:** | UPS |
| Sender Information: | James A. Yocum, Jr.<br>205-790-5250 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit D

### IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No.: CV-2014-00287** |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| **Defendants.** | ) |

### NOTICE OF FILING OF NOTICE OF REMOVAL

Defendant Nationstar Mortgage LLC timely filed in the United States District Court for the Northern District of Alabama (Southern Division) a Notice of Removal of the above-entitled action to the United States District Court for the Northern District of Alabama (Southern Division), from the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  A copy of the Notice of Removal is attached hereto as Exhibit A.

Respectfully submitted this the 23rd day of May, 2014.

/s/ Ginny B. Willcox
One of the Attorneys for Defendant
Nationstar Mortgage, LLC

OF COUNSEL:
Gregory C. Cook
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

1339019.3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 23rd day of May 2014.

James A. Yocum, Jr.
3417 Danner Circle
Birmingham, AL 35243
Phone: 205-790-5250

*/s/ Ginny B. Willcox*_____
One of the Attorneys for Defendant
Nationstar Mortgage, LLC

**IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA**

| | |
|---|---|
| **JAMES A. YOCUM, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) **Civil Action No.: CV-2014-00287** |
| **NATIONSTAR MORTGAGE, LLC;** | ) |
| **JOHN DOES #1-10,** | ) |
| | ) |
| **Defendants.** | ) |

# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**NOTICE OF REMOVAL**

Defendant Nationstar Mortgage, LLC ("Nationstar") hereby removes the pending civil action styled *James A. Yocum, Jr. v. Nationstar Mortgage, LLC; John Does #1 – 10*, in the Circuit Court of Jefferson County, Alabama, Case No. CV-2014-00287 to the United States District Court for the Northern District of Alabama, Southern Division.[1] This Court has federal subject matter jurisdiction over this action under 28 U.S.C. § 1331 and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 in that it arises under federal law. Further, Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

---

[1] By removing this proceeding, Nationstar does not waive, and shall not be deemed to have waived, any objections to jurisdiction, or any other defenses, all of which are expressly reserved.

## MEMORANDUM OF LAW

1.    **The Complaint**. On April 18, 2014, Plaintiff James A. Yocum, Jr., ("Plaintiff") filed a complaint in the Circuit Court of Jefferson County, Alabama (the "Complaint").  A true and correct copy of the Complaint is attached as <u>Exhibit A</u>.  It is this action (which, for the purposes of 28 U.S.C. § 1446(b), purports to set forth a claim for relief) that Nationstar removes to this Court.

2.    **Basis for Removal.** This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because the Complaint purports to assert claims against Nationstar that allegedly arise under the laws of the United States, namely the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), and the Fair Debt Collection Practices Act ("FDCPA"). <u>See</u> Exhibit A. Thus, the Court also has federal subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Further, this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  Upon information and belief, and based on the allegations in the Complaint, Plaintiff is a citizen of Alabama and at all times relevant resided in Jefferson County, Alabama, at 3147 Danner Circle, Birmingham, Alabama 35243.  <u>See</u> Exhibit A at ¶¶ 1; 7-9.  Nationstar is a foreign corporation with its principal place of business in Lewisville, Texas.  Nationstar was not a citizen of the State of Alabama at the time of, or immediately prior to,

the filing and service of this lawsuit or anytime thereafter.  And, viewing Plaintiff's allegations as a whole and from Plaintiff's perspective, the amount of damages sought in the action exceeds $75,000.00.  <u>See</u> Exhibit A at ¶ 3.

     **3.  <u>The Petition for Removal is Timely</u>**. The Jefferson County Circuit Clerk issued a summons by certified mail directed to Nationstar on April 18, 2014 (the "Summons").  A true and correct copy of the Summons issued to Nationstar is attached hereto as <u>Exhibit B</u>.  According to the return receipt, the Summons and Complaint were received on April 25, 2014.  A true and correct copy of the return of service is attached as <u>Exhibit C</u>.  Thus, this Notice of Removal is timely filed within thirty (30) days as prescribed in 28 U.S.C. § 1446(b).

     **4.  <u>Notice is Being Given Contemporaneously</u>**.  As required by 28 U.S.C. § 1446(d), Nationstar is providing written notice to counsel for Plaintiff of this Notice of Removal contemporaneously with the filing of this Notice of Removal. Nationstar also is filing contemporaneously with the Circuit Court of Jefferson County a Notice of Filing of Notice of Removal ("Notice of Filing") and copy of this Notice of Removal.  A copy of the Notice of Filing is attached as <u>Exhibit D</u>.

     WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446 Defendant Nationstar removes this action from the Circuit Court of Jefferson County, Alabama to this Court.

     Respectfully submitted this the 23rd day of May, 2014.

*/s/ Ginny B. Willcox*
One of the Attorneys for Defendant
Nationstar Mortgage, LLC

**OF COUNSEL:**
Gregory C. Cook
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 23rd day of May 2014.

James A. Yocum, Jr.
3417 Danner Circle
Birmingham, AL 35243
Phone: 205-790-5250

/s/ Ginny B. Willcox
One of the Attorneys for Defendant
Nationstar Mortgage, LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

# Exhibit A

James A. Yocum, Jr.
3417 Danner Circle
Birmingham, AL 35243
Phone 205-790-5250

```
FILED IN OFFICE
CIRCUIT CIVIL DIVISION

APR 18 2014

ANNE-MARIE ADAMS
CLERK
```

# IN THE CIRCUIT COURT OF

# JEFFERSON COUNTY, ALABAMA

CV201400267

| | | |
|---|---|---|
| James A. Yocum, Jr. | ) | CIVIL ACTION NO. _____ |
| | ) | **[ OVER $50,000 ]** |
| Plaintiff, | ) | |
| | ) | **VERIFIED COMPLAINT** |
| -v- | ) | |
| | ) | **Quiet Title (Ala. Code § 6-6-560 et seq.),** |
| NATIONSTAR MORTGAGE, LLC; | ) | **RESPA (12 U.S.C. § 2605 et seq.),** |
| | ) | **TILA (15 U.S.C. § 1601 et seq.),** |
| JOHN DOES #1-10, | ) | **FDCPA (15 U.S.C. § 1692-1692o),** |
| | ) | **Declaratory and Injunctive Relief** |
| | ) | **related to Possession and Title** |
| | ) | |
| Defendants. | ) | **[ Injunctive Relief Requested ]** |

Plaintiff James A. Yocum, Jr. alleges as follows:

### Parties

1.      Plaintiff is a citizen of Alabama.

2.      Defendant NATIONSTAR MORTGAGE LLC ("Defendant," "Nationstar,"

"Defendant Nationstar") is a Delaware corporation with offices in Dallas, and its Agent for Service

COMPLAINT

1

of Process is CSC LAWYERS INCORPORATING SRV INC, address 150 S PERRY ST,

MONTGOMERY, AL 36104.

3.        The value in controversy exceeds $75,000.

4.        (*) Plaintiff and Defendant have no legal relationship: Defendant is not, and has

never been, a mortgagee, beneficiary or assignee of any mortgage or deed of trust encumbering

Plaintiff's property, nor agent of any such mortgagee, beneficiary or assignee.

### Factual Allegations

5.        In this Complaint, allegations marked (*) are made upon information and belief,

and are likely to have evidentiary support after a reasonable opportunity for further investigation or

discovery. All other allegations are made of personal knowledge.

6.        All the following allegations are intended to be "without limitation" and will be

supplemented by other facts to be found in discovery.

## THE PROPERTY

7.        At all relevant times Plaintiff was and is the owner of the property at **3417 Danner

Circle, Birmingham, AL 35243** (hereafter "the Property"), legally described as:

> **Lot 5, according to the Survey of Oxford Highlands, as recorded in Map Book
> 156, Page 65, in the Probate Office of Jefferson County, Alabama**
>
> **Subject to current taxes, easements and restrictions of record.**

8.        The Property is located in the 10th judicial district of Alabama.

9.        Plaintiff is, and has been, in continuous possession of the Property.

10.       Plaintiff did not make a forcible entry into the Property.

11.       Plaintiff is not unlawfully holding the possession of the Property by force.

COMPLAINT

2

12.     Plaintiff does not have a landlord-tenant relationship with Defendant nor with any

person.

13.     Plaintiff has never sold the Property.

14.     Plaintiff has never intended to irrevocably grant or convey the Property to any

party.

15.     Plaintiff has signed no contract with Defendant Nationstar.

16.     Plaintiff has not entered into any contract with Defendant Nationstar.

17.     (*) Plaintiff has not entered into any contract with any principal of Defendant

Nationstar.

## THE DEED TO PLAINTIFF

18.     On April 4, 1996, a STATUTORY WARRANTY DEED was recorded in Jefferson

County, Alabama as 200013/4384 signed by Patricia Morris Yocum, granting the Property to

Plaintiff James A. Yocum Jr.

## THE RUTLEDGE NOTICE OF ACCELERATION

19.     On or about September 19, 2013, attorney Ginny Rutledge, claiming to represent

Nationstar, mailed to Plaintiff a letter titled "NOTICE OF ACCELERATION OF PROMISSORY

NOTE AND MORTGAGE" which stated:

> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for
> the above referenced loan dated the 1st day of July, 2005, are in default. By virtue of
> default in the terms of said Note and Mortgage, Nationstar Mortgage, LLC, hereby
> accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's
> fees, accrued interest, and other lawful charges. The amount due and payable as of the date
> of this letter is $441,025.44. ... This communication is an attempt to collect a debt and any
> information obtained will be used for that purpose.

COMPLAINT

3

20.        By mailing that letter through its agent, Nationstar made a claim upon Plaintiff's

property and clouded the title.

21.        (*) In the alternative and without waiving the foregoing, Ginny Rutledge did not

represent Nationstar.

## THE SAAG NOTICE OF ACCELERATION

22.        On or about March 24, 2014, attorney Andy Saag, claiming to represent Nationstar,

mailed to Plaintiff a letter titled "NOTICE OF ACCELERATION OF PROMISSORY NOTE

AND MORTGAGE" which stated:

> YOU ARE HEREBY NOTIFIED that the terms of the Promissory Note and Mortgage for
> the above referenced loan [Loan No. 0600724900] dated the 1st day of July, 2005, are in
> default. By virtue of default in the terms of said Note and Mortgage, Nationstar Mortgage,
> LLC, hereby accelerates to maturity the entire remaining unpaid balance of the debt,
> including attorney's fees, accrued interest, and other lawful charges. The amount due and
> payable as of the date of this letter is $454,696.67. ... We are at this time commencing
> foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure
> notice. Please note that the foreclosure sale is scheduled for April 28, 2014. ...

23.        By mailing that letter through its agent, Nationstar made a claim upon Plaintiff's

property and clouded the title.

24.        (*) In the alternative and without waiving the foregoing, Andy Saag did not

represent Nationstar.

## THE MORTGAGE FORECLOSURE SALE LETTER

25.        Attorney Andy Saag, claiming to represent Nationstar, mailed to Plaintiff a letter

titled "MORTGAGE FORECLOSURE SALE" which stated:

> Default having been made in the payment of the indebtedness secured by that certain
> mortgage executed by James A. Yocum, Jr. ... the undersigned Nationstar Mortgage, LLC,
> as Mortgagee/Transferee, under and by virtue of the power of sale contained in said
> mortgage, will sell at public outcry to the highest bidder for cash, in front of the main

COMPLAINT

4

entrance of the Courthouse at Birmingham, Jefferson County, Alabama, on April 28, 2014, during the legal hours of sale, all of its right, title, and interest in and to [the Property.]

26.        Nationstar Mortgage, LLC is not the owner or holder of any mortgage encumbering Plaintiff's property.

27.        Nationstar Mortgage, LLC is not the agent of the owner or holder of any mortgage encumbering Plaintiff's property.

28.        (*) In the alternative and without waiving the foregoing, Andy Saag did not represent Nationstar.

## First Cause of Action – Quiet Title (Ala. Code § 6-6-560 et seq.)

For his first claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

29.        Alabama Code - Section 6-6-561 states:

A complaint under this division must be brought against the land or the interest therein sought to be established. It must describe said land or the interest therein sought to be established, with certainty, and state specifically what claim, title, or interest in, or to, said lands the plaintiff claims to have and from whom and how such interest or title so claimed in, or to, said lands was obtained. It shall also make party or parties defendant to said complaint all persons against whom the plaintiff claims title to said lands, or the interest therein sought to be established, and if the names of such persons cannot be ascertained by the plaintiff with certainty, they may be designated and joined as unknown parties. Such complaint shall also make party or parties defendant thereto all persons who are known to the plaintiff to have had possession of said lands, or any part thereof, within 10 years next preceding the filing of the complaint, or who are known to the plaintiff to claim said lands, any part thereof or any interest therein, whether such interest be present, future, contingent, reversionary, or otherwise. Such complaint shall also make party or parties defendant thereto all persons who have at any time within 10 years next preceding the filing of the complaint assessed or paid any taxes upon said lands or any interest therein; provided, however, that those parties appearing in the chain of title who have voluntarily conveyed their interest or interests in said lands to the plaintiff or to those through whom the plaintiff derives title need not be made parties to said complaint. The ages and addresses of all defendants to the complaint shall be stated in the complaint, if known, and if any are known or suspected to be of unsound mind, this fact shall also be alleged. Should any of the persons mentioned in this section, at the time of the filing of the complaint, be deceased

COMPLAINT

and such fact be known to the plaintiff, his heirs or devisees shall be made parties in his stead. Should the plaintiff, after exercising reasonable diligence, be unable to locate the whereabouts and to ascertain with certainty whether any such defendant is alive at the time of the filing of the complaint, the facts showing just what diligence the plaintiff has exercised must be specifically alleged in the complaint and such defendant may then be made a party in his name followed by the words: "— and his heirs or devisees, if deceased," and a valid judgment may be entered against such defendant, binding on both him and his heirs or devisees, regardless of whether it be later shown that such defendant was or was not living at the time of the filing of the complaint.

30.        Plaintiff has not had adequate time to exercise reasonable diligence to identify all

persons mentioned in Alabama Code - Section 6-6-561 who "shall" be named as defendants.

Therefore, Plaintiff intends to amend this Complaint after the opportunity to exercise reasonable

diligence.

31.        Defendant and JOHN DOES #1-10 are persons against whom the plaintiff claims

title to said lands, or the interest therein sought to be established; or have had possession of said

lands, or any part thereof, within 10 years next preceding the filing of the complaint, or who claim

said lands, any part thereof or any interest therein; or are persons who have at any time within 10

years next preceding the filing of the complaint assessed or paid any taxes upon said lands or any

interest therein.

32.        The two Acceleration Letters cloud Plaintiff's title.

33.        Defendant does not own nor hold any promissory note encumbering Plaintiff's

property.

34.        (*) Defendant is not the agent of any person who owns or holds any promissory

note encumbering Plaintiff's property.

35.        Defendant has no valid claim on Plaintiff's property.

36.        As a result of Defendant's actions, Plaintiff has suffered damages to his clear title.

6

COMPLAINT

37.        Plaintiff requests a quieting of title in Plaintiff's name.

## Second Cause of Action – RESPA (12 U.S.C. § 2605 et seq.)

For his second claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

38.        In October 2013, Plaintiff mailed a QUALIFIED WRITTEN REQUEST ("QWR") to Nationstar Mortgage, by Registered Mail # 780368113.

39.        That QWR includes the name and account of the borrower and requests information and states reasons for the borrower's belief that the account is in error, thus it satisfies the definition of a "qualified written request" in 12 U.S.C. § 2605(e)(1)(B).

40.        Defendant failed to respond adequately, in violation of Section 6 of the Real Estate Settlement Procedures Act of 1974 (12 U.S.C. 2605).

41.        As a result of Defendant's actions, Plaintiff has suffered damages.

## Third Cause of Action – TILA (15 U.S.C. § 1601 et seq.)

For his third claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

42.        The QWR Letter requested the name, address and telephone number of the current owner of any mortgage note encumbering the Property, pursuant to Section 1641(1)(2) of the Truth In Lending Act ["TILA"].

43.        Defendant failed to inform Plaintiff of the name, address and telephone number of the current owner of any mortgage note encumbering the Property.

44.        As a result of Defendant's actions, Plaintiff has suffered damages.

45.        (*) In the alternative and without waiving the foregoing, there is no mortgage note encumbering the Property.

7

COMPLAINT

### Fourth Cause of Action – FDCPA (15 U.S.C. § 1692-1692o)

For his third claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

46.        Defendant is not a "mortgage company."

47.        Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

48.        The debt alleged by Defendant is a "debt" as defined 15 U.S.C. 1692a (5).

49.        Plaintiff timely disputed all notices and claims of debt and demanded verification and validation.

50.        On October 19, 2013, Plaintiff mailed a FDCPA query letter to Sirote & Permutt, PC by Registered Mail # 780 368 161.

51.        That letter disputed "part, or all, of the alleged debt" and demanded validation and verification.

52.        Defendant violated 15 U.S.C. § 1692g (b) by failing to obtain verification and validation of the alleged debt and mail copies thereof to the Plaintiff after it was timely disputed and demanded that verification and validation be sent to him.

53.        Defendant further violated 15 U.S.C. § 1692g(b) by continuing to proceed with debt collection activities without providing the required verification and validation.

54.        As a result of Defendant's actions, Plaintiff has suffered damages.

### Fifth Cause of Action – Declaratory Relief related to Possession

For his fourth claim for relief, Plaintiff realleges and incorporates the above paragraphs labeled "Factual Allegations" and further alleges upon information and belief:

55.        Plaintiff was and is the owner of the Property.

COMPLAINT

8

56.     Plaintiff is, and has been, in continuous possession of the Property.

57.     The Property is located in a judicial district of Alabama.

58.     Plaintiff did not make a forcible entry into the Property.

59.     Plaintiff is not unlawfully holding the possession of the Property by force.

60.     Plaintiff does not have a landlord-tenant relationship with any Defendant.

61.     Plaintiff has never sold the Property.

62.     Plaintiff has never intended to irrevocably grant or convey the Property to any

party.

63.     Plaintiff has signed no contract with Defendant Nationstar.

64.     Defendant claims the right to interfere with Plaintiff's ownership and possession.

65.     As a result of Defendant's actions, Plaintiff has suffered and will inevitably suffer

damages.

66.     Plaintiff requests a declaration that Plaintiff has the right to undisturbed possession.

## Prayer for Relief:

67.     Plaintiff prays this honorable Court take jurisdiction of this case.

68.     Plaintiff prays for Decrees and Judgments as follows:

69.     Enjoin, immediately, all Defendants, during the pendency of this action, and

permanently thereafter, from recording any deeds or mortgages regarding the Property; from

selling, assigning or transferring mortgages, trust deeds or obligations relating to the Property;

from instituting, prosecuting, or maintaining nonjudicial or judicial foreclosure proceedings

against the Property; from instituting, prosecuting, or maintaining eviction proceedings against

COMPLAINT

9

Plaintiff; or from otherwise taking any steps to deprive Plaintiff of ownership and/or enjoyment of the Property.

70.        On Plaintiff's First Claim (Quiet Title): quieting of title in Plaintiff's name;

71.        On Plaintiff's Fifth Claim (Declaratory Judgment): Declaratory judgment that Defendants have no valid security interest in Plaintiff's property, and a declaration that Plaintiff has the right to possession of the Property;

72.        On Plaintiff's other claims: damages in a minimum amount of $75,001 to be determined at trial;

73.        Such other relief as the Court deems just and proper.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. See 28 U.S.C. 1746.

Executed by: _____          DATED: April _18_ , 2014
          James A. Yocum, Jr., Plaintiff
          3417 Danner Circle
          Birmingham, AL 35243
          Phone 205-790-5250

COMPLAINT                                                                        10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
| Defendants. | ) |
| | ) |

# Exhibit B

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | **SUMMONS<br>-CIVIL-** | Case Number<br><br>CV201400267 |
| --- | --- | --- |

IN THE _____ CIRCUIT _____ COURT OF _____ JEFFERSON _____ COUNTY

Plaintiff _____ James A. Yocum, Jr. _____ v. Defendant _____ Nationstar Mortgage, LLC _____

NOTICE TO _____ Nationstar Mortgage, LLC c/o CSC LAWYERS INCORPORATING SRV INC
_____ 150 S PERRY ST, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ James A. Yocum, Jr. _____ WHOSE ADDRESS IS _____

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

☐ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

FILED IN OFFICE
CIRCUIT CIVIL DIVISION
APR 18 2014
ANNE-MARIE ADAMS
CLERK
*Anne-Marie Adams*

Date ___ APR 1 8 2014 ___

_____ Clerk/Register                              By: _K. H._ _____

☒ Certified Mail is hereby requested.

_____ Plaintiff's/Attorney's Signature _____

RETURN ON SERVICE:   7014 0510 0002 3978 3310

☐ Return receipt of certified mail received in this office on _____.
                                                              (Date)

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____.
           (Date)

_____
Date

_____
Type of Process Server

_____
Server's Signature

_____
Address of Server

_____
Phone Number of Server

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

# Exhibit C



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 12458729**
**Date Processed: 04/25/2014**

| | |
|---|---|
| Primary Contact: | Barbara Ruyle<br>Nationstar Mortgage LLC<br>350 Highland Drive<br>Lewisville, TX 75067 |

| | |
|---|---|
| **Entity:** | Nationstar Mortgage LLC<br>Entity ID Number  2050233 |
| **Entity Served:** | Nationstar Mortgage LLC |
| **Title of Action:** | James A. Yocum, Jr. vs. Nationstar Mortgage, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Property |
| **Court/Agency:** | Jefferson County Circuit Court, Alabama |
| **Case/Reference No:** | CV201400287 |
| **Jurisdiction Served:** | Alabama |
| **Date Served on CSC:** | 04/25/2014 |
| **Answer or Appearance Due:** | 04/28/2014 |
| **Originally Served On:** | CSC |
| **How Served:** | UPS |
| Sender Information: | James A. Yocum, Jr.<br>205-790-5250 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     vs. | ) |
| | ) Civil Action No: |
| NATIONSTAR MORTGAGE, LLC; | ) |
| JOHN DOES #1-10, | ) |
| | ) |
|     Defendants. | ) |
| | ) |

# Exhibit D

IN THE CIRCUIT COURT FOR JEFFERSON COUNTY, ALABAMA

|  |  |  |
|---|---|---|
| JAMES A. YOCUM, JR., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.: CV-2014-00287** |
| | ) | |
| NATIONSTAR MORTGAGE, LLC; | ) | |
| JOHN DOES #1-10, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>NOTICE OF FILING OF NOTICE OF REMOVAL</u>

Defendant Nationstar Mortgage LLC timely filed in the United States District Court for the Northern District of Alabama (Southern Division) a Notice of Removal of the above-entitled action to the United States District Court for the Northern District of Alabama (Southern Division), from the Circuit Court of Jefferson County, Alabama, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.  A copy of the Notice of Removal is attached hereto as <u>Exhibit A</u>.

Respectfully submitted this the 23rd day of May, 2014.

*/s/ Ginny B. Willcox*
One of the Attorneys for Defendant
Nationstar Mortgage, LLC

<u>OF COUNSEL:</u>
Gregory C. Cook
Ginny B. Willcox
Balch & Bingham LLP
Post Office Box 306
Birmingham, AL 35201-0306
Telephone: (205) 251-8100
Facsimile: (205) 226-8799

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed with the Clerk of Court using the CM/ECF system and served upon the following by U.S. Mail, properly addressed and postage prepaid, on this the 23rd day of May 2014.

James A. Yocum, Jr.
3417 Danner Circle
Birmingham, AL 35243
Phone: 205-790-5250

*/s/ Ginny B. Willcox*

One of the Attorneys for Defendant
Nationstar Mortgage, LLC
