# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **JAMES A. YOCUM, JR.,** | } |
| Plaintiff, | } |
| v. | } Case No.: 2:14-cv-00970-SGC |
| **NATIONSTAR MORTGAGE, LLC** and **RENASANT BANK,** | } |
| Defendant. | } |

## MEMORANDUM OPINION AND ORDER

Plaintiff James A. Yocum, Jr. filed a complaint in state court against defendants Nationstar Mortgage, LLC and Renasant Bank.  Mr. Yocum asserted claims against the defendants for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–17 (RESPA); Truth-in-Lending Act, 15 U.S.C. §§ 1601–16 (TILA); and Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p (FDCPA).  (Doc. 1-1).  Mr. Yocum also sought to quiet title to certain real property, and he requested a declaration that he has the right to the undisturbed possession of that property.  (Doc. 1-1).

Nationstar removed the action to federal court. (Doc. 1). The magistrate judge to whom this case is assigned issued a report in which she recommended that the Court dismiss Mr. Yocum's amended complaint (Doc. 5), which is now the operative pleading, and provide Mr. Yocum with one more opportunity to amend. (Doc. 33). Mr. Yocum objects to the report and recommendation. (Doc. 34). The Clerk assigned this matter to the undersigned judicial officer for consideration of the magistrate judge's report and Mr. Yocum's objections to it. (Doc. 35). For the reasons discussed below, the Court sustains one of Mr. Yocum's objections, overrules the balance of his objections, and refers this case to the magistrate judge for further proceedings.

I.   DISCUSSION

When a party objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This means the Court must "give fresh consideration to those issues to which specific objection has been made." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). A district court reviews legal conclusions in a report *de novo* and reviews for plain error factual findings to which no objection is made. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9

(11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir. 1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).  The Court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Yocum offers more than a dozen objections to the report and recommendation.  For ease of analysis, for each objection, the Court has quoted or summarized the portion of the magistrate judge's report and recommendation (R&R) to which the objection pertains and quoted or summarized the objection.  The Court's analysis follows each objection.

1. **R&R: "The allegations contained in Yocum's amended complaint give rise to the reasonable inference Nationstar is the current servicer of a loan secured by the property."  (Doc. 33, p. 4).**

Objection: "[A] fraudulently obtained loan is not 'a loan secured by the property.'"  (Doc. 34, p. 1).

The Court overrules this objection.  The magistrate judge has not found conclusively, based on the pleadings, that the loan was not fraudulently obtained.  The gist of the paragraph to which Mr. Yocum refers is that Nationstar services the loan at issue.  Mr. Yocum's claims under RESPA and TILA depend on Nationstar's status as a loan servicer.  (*See* Doc. 34, p. 7; Doc. 5, p. 10; 12 U.S.C. § 2605; 15 U.S.C. § 1641(f)(2)).  Mr. Yocum may clarify his allegations

concerning the validity of the loan if he chooses to accept the magistrate judge's invitation to prepare and file an amended complaint.

2. **R&R: "[T]he court may consider the documents attached to Yocum's amended complaint because they are central to his claims and undisputed." (Doc. 33, p. 7).**

Objection: "[T]o the extent that Yocum alleges the exhibits contain false or fraudulent statements, those exhibits cannot properly be considered to be 'part of' or 'incorporated into' the complaint." (Doc. 34, p. 2).

The Court overrules this objection.  As with Mr. Yocum's previous objection, the magistrate judge has not ignored Mr. Yocum's contention that there is fraud afoot.  To the contrary, the magistrate judge acknowledged that Mr. Yocum "claims the mortgage is fraudulent because it contains false statements of material fact."  (Doc. 34, p. 4).  As binding precedent requires, the magistrate judge accepted the well-pled allegations of the first amended complaint as true for purposes of ruling on the defendants' motions to dismiss.  *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014).

3. **R&R:  Mr. Yocum's claim to quiet title against Nationstar is due to be dismissed because a "loan servicer does not hold any interest in the foreclosure of property securing the loan."  (Doc. 33, p. 11).**

Objection: Nationstar claims to own at least part of a mortgage on Mr. Yocum's property in the notices of acceleration, notice of foreclosure sale, and mortgage, and therefore, Nationstar is claiming ownership of Mr. Yocum's property because Alabama is a title theory state.  (Doc. 34, p. 2).

The Court overrules this objection because it is inconsistent with the allegations in Mr. Yocum's first amended complaint.  In his first amended complaint, Mr. Yocum asserts that, "Nationstar Mortgage, LLC is not the owner or holder of any mortgage encumbering Plaintiff's property."  (Doc. 5, p. 6).  The magistrate judge properly accepted this allegation as true and accurate.  As the magistrate judge explained, the allegations in Mr. Yocum's amended complaint and the attachments to his amended complaint indicate that Nationstar is a loan servicer.  The fact that Alabama is a title theory state is irrelevant.

4. **R&R: "[Mr. Yocum's] claim to quiet title against Renasant fails because he denies Renasant has or ever has had any interest in the Danner Circle property."  (Doc. 33, p. 11).**

Objection:  Renasant was named as the original mortgagee, and the county records that reflect this fact cloud title to Mr. Yocum's property. (Doc. 34, pp. 2–3).

The Court sustains this objection.  Mr. Yocum alleges in the amended complaint that Renasant Bank recorded a fraudulent mortgage and by doing so

5

"made a claim upon Plaintiff's property and clouded the title." (Doc. 5, p. 6, ¶ 28-5). Under Ala. Code § 6-6-540, Mr. Yocum may bring an action to quiet title to his property when "any other person claims . . . to hold any lien or encumbrance thereon . . . ." Though he challenges the validity of the mortgage, Mr. Yocum alleges that Renasant claims to hold a mortgage, and a mortgage constitutes a lien or encumbrance. Reading Mr. Yokum's allegations liberally, he has adequately pled a claim to quiet title against Renasant Bank.

 5. **R&R: The cause of action against Renasant to quiet title should be dismissed to the extent it relies on the split-the-note theory, which is not recognized under Alabama law. (Doc. 33, p. 11).**

 Objection: A mortgage is enforceable only by the owner of the note when the note and mortgage are split. (Doc. 34, p. 3).

 The Court overrules the objection. The Court gleans from the amended complaint that Mr. Yokum is attempting to challenge the validity of the mortgage on the property at issue. The basis for that challenge is not entirely clear. Should Mr. Yokum avail himself of the opportunity to amend his complaint again, Mr. Yokum should clearly state the basis for his allegation that the mortgage on his property is not valid. If the Court has misunderstood Mr. Yokum's legal theory, then he must state his legal theory clearly.

6. **R&R: "Yocum does not identify which sections of RESPA he alleges Nationstar violated." (Doc. 33, p. 11).**

Objection: In his objection, Mr. Yokum cites regulations that he did not include in his first amended complaint. (Doc. 34, pp. 3–4).

Mr. Yocum may not amend his complaint through his objections to the R&R. If he wishes to allege specific claims based upon particular sections of RESPA or specific regulations, then Mr. Yokum must do so in his second amended complaint.

7. **R&R: "To constitute a valid QWR, correspondence sent to a servicer must include requests for information about the servicing of the loan." (Doc. 33, p. 12).**

Objection: Under 12 U.S.C. § 2603, an obligor may request "other information" in a QWR. (Doc. 34, p. 5).

The Court overrules this objection. The objection should cite to 12 U.S.C. § 2605, not § 2603. The portion of the statute that Mr. Yocum cites must be read in conjunction with the provision that precedes it. Subsection (A) of § 2605(e)(1) states: "If any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan" the servicer must acknowledge the request within five days. The statute, read as a whole, suggests that the "other information" referred to in

7

subsection (B) also must be "information relating to the servicing of such loan." The Eleventh Circuit has not addressed the issue, but persuasive authority supports this interpretation. *See, e.g.*, *Poindexter v. Mercedes-Benz Credit Corp.*, 792 F.3d 406, 413–14 (4th Cir. 2015); *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 666–67 (9th Cir. 2012).

8. **R&R: "Yocum's letter dated October 4, 2013 . . . does not request that Nationstar identify the true owner of his loan." (Doc. 33, p. 13).**

Objection: The purpose of the letter was to provoke a response in which Nationstar would identify the true owner of the loan. (Doc. 34, p. 5).

The Court overrules this objection. Mr. Yokum made no allegation in his first amended complaint that corresponds to his objection (*see* Doc. 5, p. 9), and any such allegation would be contradicted by the letter that Mr. Yokum sent to Nationstar. That letter asks Nationstar "to verify that you are the Rightful owner of the debt, Real Party In Interest, and Holder in Due Course of the Promissory Note associated with the subject loan, and that no other party may lay claim against the subject property." (Doc. 5, p. 16). The magistrate judge properly found that in the letter, Mr. Yokum did not ask Nationstar to identify the true owner of the loan.

9. **R&R: Mr. Yocum's letters dated April 1, 2014 and April 16, 2014 request information regarding the owner of the note and mortgage, and Nationstar's replies provided the requested information. "Yocum does not**

**claim he did not receive these responses or contest their authenticity." (Doc. 33, p. 14).**

Objection: The amended complaint alleges Nationstar's responses to the letters are not accurate. (Doc. 34, p. 6).

The Court overrules this objection. The amended complaint does include allegations that Nationstar's responses were inaccurate. (*See* Doc. 5, ¶¶ 41-4, 41-9). However, the R&R accurately notes that Mr. Yocum does not allege facts that would support this assertion. (Doc. 33, p. 14). Should he wish to pursue a RESPA claim against Nationstar, Mr. Yocum would have to offer more than the bare-boned assertion that the ownership information that Nationstar provided in the letters is not accurate. Mr. Yokum must plead facts that support his characterization of the information in the letters, if he is able to plead such facts in good faith, based on his investigation of this matter.

10. **R&R: "[A] plaintiff must also allege a causal link between the claimed damages and defendant's alleged RESPA violation." (Doc. 33, p. 15).**

Objection: Paragraph 41 of the amended complaint states, "As a result of Defendant Nationstar's actions, Plaintiff has suffered damages to be determined at trial." (Doc. 34, p. 6).

The Court overrules the objection as moot. Because Mr. Yokum has not alleged a RESPA violation in the operative first amended complaint, his

9

allegations of causation are irrelevant. Should Mr. Yokum choose to file a second amended complaint, the Court directs Mr. Yokum's attention to the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). There, the Supreme Court held: "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.

11. **R&R: "Because a loan servicer that is not the current or former owner of a loan may not be held liable for a violation of § 1641(f)(2), Yocum fails to state a plausible claim against Nationstar for a violation of TILA." (Doc. 33, p. 16).**

Objection: Every wrong must have a remedy. "By creating a duty owed by services [sic] to obligors, Congress made servicers into fiduciaries." (Doc. 34, p. 7).

Section 1641(f)(1) excludes servicers who are not owners of the obligation from liability under § 1640(a). Mr. Yocum offers no reason to ignore § 1641(f)(1) and imply a private right of action. The Court overrules this objection.

12. **R&R: Mr. Yocum fails to allege facts that would show Nationstar is a debt collector. (Doc. 33, p. 20).**

Objection: Nationstar must be a debt collector because loan servicers collect money owed on debts. (Doc. 34, p. 7).

10

The Court overrules this objection. Under the FDCPA, the term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . ." 15 U.S.C. § 1692a(6)(F). Persuasive authority from the Eleventh Circuit suggests that Nationstar should not be considered a debt collector under § 1692a(6)(F). *See Fenello v. Bank of Am., NA*, 577 Fed. Appx. 899, 902 (11th Cir. 2014) ("In this case, the district court correctly concluded that Bank of America was not a 'debt collector' for purposes of § 1692g(b) because its debt collection activities involved a debt that was not in default at the time Bank of America became the servicer.") (citing 15 U.S.C. § 1692a(6)(F)).

13**. R&R: The defendants' motions to dismiss should be granted.  (Doc. 33, p. 21).**

Objection: The motions to dismiss should not be granted. (Doc. 34, p. 9).

This is simple contradiction; it does not raise an independent objection.

14. **R&R: ". . . Yocum should be given one opportunity to file an amended complaint that satisfactorily addresses the deficiencies discussed in this report and recommendation . . . ." (Doc. 33, p. 21).**

Objection: "[T]here is no reason to restrict the amendments to 'one opportunity.'" (Doc. 34, p. 9).

The Court overrules this objection. Given Mr. Yocum's extensive litigation in *Yocum v. BAC Home Loans Servicing LP*, 2:10-cv-02574-AKK and the bankruptcy actions, (*see In re Yocum*, 488 B.R. 748, 750 (Bankr. N.D. Ala 2013)), and his previous amendment in this action, justice and Federal Rule of Civil Procedure 15(a)(2) do not require more than one additional opportunity to amend. The magistrate judge has not abused her discretion by limiting Mr. Yokum to one more opportunity to amend his complaint.

## II. CONCLUSION

For the reasons discussed above, the Court **ADOPTS** the magistrate judge's report and recommendation and overrules Mr. Yocum's objections to the report and recommendation, with one exception. The Court finds that Mr. Yocum's action against Renasant to quiet title states a claim upon which relief can be granted. The Court **DISMISSES WITHOUT PREJUDICE** the remaining claims in Mr. Yocum's amended complaint. Mr. Yocum may replead those claims in accordance with the guidance provided in the magistrate judge's report and recommendation and this memorandum opinion and order.[1] If Mr. Yocum chooses to replead, he shall file a second amended complaint that contains all the causes of

---

[1] If Mr. Yocum chooses not to file a second amended complaint or fails to state a colorable federal claim, the magistrate judge may remand Mr. Yocum's quiet title claim and any other state law claims to state court.

action with which he intends to proceed (including his quiet title claim against Renasant) on or before August 15, 2016.

**DONE** and **ORDERED** this August 3, 2016.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE