UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:14-cv-00970-SGC |
| ) | |
| NATIONSTAR MORTGAGE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on Plaintiff's second amended complaint, filed on October 11, 2016. (Doc. 51). For the reasons that follow, the undersigned recommends all claims and parties be struck except those permitted by the memorandum opinion and order entered on August 3, 2016. (Doc. 39).

Plaintiff James Yocum filed a first amended complaint in this action on May 29, 2014. (Doc. 5). That complaint stated claims against Nationstar Mortgage, LLC ("Nationstar"), and Renasant Bank ("Renasant") under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"), the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"). (*Id.*). Mr. Yocum also sought a declaratory judgment that he has a right to undisturbed possession of the subject property, and he asserted a state law claim to quiet title against Nationstar and Renasant. (*Id.*).

On January 15, 2016, the undersigned entered a report recommending all claims be dismissed without prejudice and that Plaintiff be permitted to file a final complaint "which adequately addresse[d] the deficiencies" in his complaint. (Doc. 33). After objections were received, the district judge to whom the report and recommendation was assigned entered a memorandum opinion and order. (Doc. 39). The district judge's order adopted the findings and

recommendations in the report, with the exception that Mr. Yocum's quiet title action was found to state a claim upon which relief could be granted against Renasant Bank.  (*Id*. at 5-6).  The court dismissed without prejudice the remaining claims in Mr. Yocum's complaint stating, "Mr. Yocum may replead **those claims in accordance with the guidance provided** in the magistrate judge's report and recommendation and this memorandum opinion and order."  (*Id.* at 12) (emphasis added).

On October 11, 2016, Plaintiff, through counsel, filed a second amended complaint (the "SAC").  (Doc. 51).  In the SAC, he added several parties and claims contrary to the report and recommendation (Doc. 33) as directed in the district judge's memorandum opinion and order (Doc. 39).  Specifically, Plaintiff added defendants Bank of America, N.A.; Sirote & Permutt, PC; Ginny Rutledge; and Andy Saag.  He also added various claims, including claims under sections of the FDCPA which had not been raised in the first amended complaint (while the first amended complaint stated only claims under § 1692g(b), the SAC added claims under §§ 1692e(10) and 1692e(13)).  As discussed during a hearing held with the parties, the undersigned views the SAC as going well beyond the scope permitted by the memorandum opinion and order.

Therefore, it is **RECOMMENDED** that all parties and claims not included in the first amended complaint be **STRICKEN** and that the case be permitted to proceed only as to the parties named and claims asserted in the first amended complaint as repleaded in the second amended complaint.

### Notice of Right to Object

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2), Fed. R. Civ. P., any party may file specific written objections to this report and recommendation within fourteen (14) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed

findings and recommendations contained in this report and recommendation within fourteen (14) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal, except for plain error.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  A copy of the objections must be served upon all other parties to the action.

**DONE** this 14th day of December, 2016.

_/s/ Staci G. Cornelius_
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE