# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES A. YOCUM, JR., | } |
| Plaintiff, | } |
| v. | } Case No.: 2:14-cv-00970-MHH |
| NATIONSTAR MORTGAGE, LLC, | } |
| Defendant. | } |

## MEMORANDUM OPINION

On August 24, 2017, the magistrate judge to whom this case previously was assigned entered a report in which she recommended that the Court dismiss this action with prejudice and retain jurisdiction to determine whether the Court should tax costs, including attorney's fees and expenses, to plaintiff James Yocum, Jr. (Doc. 77). Mr. Yocum filed objections to the report and recommendation. (Doc. 79). Defendant Nationstar Mortgage, LLC filed a response to Mr. Yocum's objections. (Doc. 80).

On October 2, 2017, the Clerk of Court reassigned this action to the undersigned for a review of the report and recommendation, Mr. Yocum's objections, and Nationstar's response. (Doc. 81). The Court held a hearing on Mr. Yocum's objections on October 31, 2017. Mr. Yocum attended the hearing, and,

during the hearing, the Court offered Mr. Yocum an opportunity to provide testimony to supplement his objections. Mr. Yocum declined the invitation. (October 31, 2017 minute entry).[1]

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Based on the Court's review of the record in this case, consistent with the discussion during the October 31, 2017 hearing in this matter, the Court adopts the factual findings contained in the magistrate judge's August 24, 2017 report and

---

[1] A transcript of the hearing is available upon request.

recommendation,[2] except the Court strikes from the report and recommendation most of the full paragraph that appears on page 14 of the report and recommendation. (*See* Doc. 77, p. 14).[3]

Also consistent with the findings made on the record during the October 31, 2017 hearing in this case, pursuant to the Court's inherent authority, the Court accepts the magistrate judge's recommendation that the Court dismiss this action with prejudice because of Mr. Yocum's intentional misrepresentations and retain jurisdiction to consider Nationstar's motion for sanctions against Mr. Yocum. *See Allapattah Serv., Inc., v. Exxon Corp.*, 372 F. Supp. 1344, 1373 (S.D. Fla. 2005)

---

[2] The magistrate judge's findings regarding Mr. Yocum's intentional misrepresentations are consistent with the findings in a state court order which appears in the record at Doc. 80-2.

[3] For clarity, the Court strikes from the report and recommendation the following language:

> While the assistance of counsel has made no difference in Plaintiff's misrepresentations, the undersigned is unable to determine whether counsel was complicit in Plaintiff's false statements or simply failed to investigate the facts of the case and the allegations of the pleadings he signed. Nonetheless, the court finds Plaintiff's characterization, through counsel, that the state court in *Yocum III* "refused to impose sanctions," is misleading at best. (Doc. 72 at 2, n.2). In its oral statements during a hearing on June 26, 2017, as well as in a subsequent written order, the state court merely declined to rule on the motion until further information was available. (Doc. 73-4 at 6). Thus, its recent actions cannot reasonably be considered a refusal to impose sanctions.

(Doc. 77, p. 14). The Court does not strike from the report the last sentence of that paragraph which states:

> Moreover, Plaintiff's counsel did not take any action to correct the pleadings after Mr. Yocum's true interest in the Property was communicated to him by Nationstar's counsel; it was not until the undersigned ordered Plaintiff to respond to the motion for sanctions that counsel addressed the issues. (*See* Doc. 68-3 (letter to Plaintiff's counsel dated May 12, 2017); Doc. 72 at 1, n.1).

(Doc. 77, p. 14).

(citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991)); *Petrano v. Old Republic Nat. Title Ins. Co.*, 2013 WL 1325030 (N.D. Fla. 2013) (granting dismissal with prejudice pursuant to the court's inherent authority to sanction and retaining jurisdiction for the imposition of costs and fees as a further sanction); *Aguiar v. Natbony*, 2011 WL 4387180 (S.D. Fla. 2011) (awarding costs and fees to the defendant as a prevailing party after plaintiff's claims were struck as a sanction).

The Court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this October 31, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE